UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENENET CAPITAL, INC., <br>     Plaintiff, <br> v. <br> ANGELICA F. DELOS REYES, <br>     Defendant. | Case No. 18-cv-02129-JSW <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED** <br><br> Re: Dkt. No. 1 |

On April 9, 2018, Defendant removed this unlawful detainer action from the Superior Court of the State of California for Contra Costa County. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441(a).

However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may

avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

Defendant asserts she is a resident of California, which would preclude removal under 28 U.S.C. section 1441(b)(2). In addition, this action is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, notwithstanding the assertions in Defendant's notice of removal, the claim will not necessarily depend on the resolution of a substantial question of federal law. Plaintiff need not prove compliance with any the provisions of federal law cited in the notice of removal in order to establish its claim. *See, e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

To the extent Defendant believes that a provision those laws will be relevant or essential in mounting a defense to the unlawful detainer action, this is an insufficient basis for federal subject matter jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and even if both parties concede that the federal defense is the only question truly at issue."). Therefore, it appears that the Court lacks subject matter jurisdiction to hear this matter as currently pled and that remand to the state court would be appropriate. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

Accordingly, the Court HEREBY ORDERS Defendant TO SHOW CAUSE why this case should not be remanded to Contra Costa County Superior Court. Defendant's response to this Order to Show Cause shall be due by no later than **May 11, 2018**. If Defendant fails to respond to this Order to Show Cause by May 11, 2018, the Court will remand the case for lack of subject matter jurisdiction.

Finally, the Court advises Defendant that that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Defendant that she may seek

assistance from the Legal Help Center.  Defendant may seek such assistance by calling the Legal Help Center at 415-782-8982 or by signing up for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation, on the 15th Floor of the San Francisco Courthouse, 450 Golden Gate Avenue, Room 2796, San Francisco, California, or on the 4th Floor of the Oakland Courthouse, 1301 Clay Street, Room 470S, Oakland, California.

**IT IS SO ORDERED.**

Dated: April 23, 2018

_____
JEFFREY S. WHITE
United States District Judge